# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**SHERRI L. RENNER,**

    **Plaintiff,**

**vs.**                                       **Case No. 4:17cv451-RH/CAS**

**THE SUPREME COURT OF
FLORIDA, and THE FLORIDA BAR,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff Sherri Renner, initiated this case pro se by filing a complaint on October 5, 2017, raising claims under the Rehabilitation Act, the Americans with Disabilities Act, and due process claims brought pursuant to 42 U.S.C. § 1983. ECF No. 1. The Defendant Supreme Court of Florida filed a motion to dismiss the complaint. ECF No. 11. Defendant The Florida Bar filed an answer and motion to dismiss, ECF No. 12, adopting the memorandum of law filed by the Supreme Court. Ms. Renner has filed opposition to both motions to dismiss. ECF Nos. 16, 17.

Ms. Renner also filed a request for judicial notice, ECF No. 18, submitting a copy of a motion for rehearing which she filed in her underlying case in the Supreme Court of Florida. ECF No. 18-1. She requests that this Court find two facts: (1) [t]hat the motion was filed on October 5, 2017, the same day that this action was initiated, and (d) [t]hat rehearing was the relief requested." ECF No. 18 at 2.

Rule 201 of the Federal Rules of Evidence permits the Court to "judicially notice a fact that is not subject to reasonable dispute because . . . it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Ms. Renner has supplied the Court with a copy of her motion. ECF No. 18-1.

That motion, titled as "Respondent's Motion for Rehearing," is styled for the Supreme Court of Florida, case number SC17-1093. ECF No. 18-1 at 1. It is, indeed, a request for rehearing[1] under Rule 9.330(a), and contends the Florida Supreme Court "overlooked facts or misapprehended the law as applied to those facts . . . ." *Id.* The certificate of service at the

---

[1] Ms. Renner requested the Court grant the motion for rehearing, order a hearing before a referee concerning the sanction imposed, and amend that part of the order which held that motions for rehearing would not "alter the effective date of the revocation of conditional admission." ECF No. 18-1 at 3.

end of the motion reveals that it was "e-filed" on October 5, 2017, *id.* at 5, as does the date stamp at the top of the document. *Id.* at 1. Ms. Renner has not advised whether her motion was granted or denied. Nevertheless, her motion for judicial notice is granted, and the fact that she filed a motion for rehearing on October 5, 2017, is noted.[2]

## Allegations of the Complaint

Ms. Renner was admitted to The Florida Bar on February 18, 2005. ECF No. 1 at 3. "On June 9, 2017, Defendant Florida Bar filed with Defendant Florida Supreme Court a petition for contempt and order to

---

[2] Analysis of a motion to dismiss is generally limited to the face of the complaint and any attachments. Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1368-69 (11th Cir. 1997) (citing 5 Charles A. Wright & Arthur Miller, Federal Practice and Procedure § 1356 at 590-92 (1969) (Wright & Miller)). "However, where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal . . . ." Brooks, 116 F.3d at 1369 (quoting Venture Assoc. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993)). Plaintiff's motion for judicial notice is an effort to consider an extrinsic document, but that document may be considered in ruling on a motion to dismiss "if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." SFM Holdings, Ltd. v. Banc of America Sec., LLC, 600 F.3d 1334, 1337 (11th Cir. 2010), *citing* Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005), and Maxcess, Inc. v. Lucent Tech., Inc., 433 F.3d 1337, 1340 (11th Cir. 2005) (stating "a document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity."). Plaintiff's exhibit, ECF No. 18-1, is relevant and central to this case, and there has been no challenge to the authenticity of the document. Similarly, Defendant submitted an exhibit with the motion to dismiss and requested the Court take judicial notice, ECF No. 11 at 2, of the Supreme Court's order holding Ms. Renner in contempt. That document, ECF No. 11-1, may also be considered without the need to convert the motion into a summary judgment motion.

Case No. 4:17cv451-RH/CAS

show cause." *Id.* at 4.  The complaint alleges that the Bar prepared the petition with knowledge "that there was no good faith basis for its assertion that Plaintiff's license should be revoked." *Id.*  Further, the "Court essentially 'rubber stamped' the Bar's petition and order the Plaintiff's license revoked without due process, without just cause, and in furtherance of its goal of purging Bar membership rolls of people deemed unfit to practice." *Id.*  Ms. Renner contends that the Court's applicable rules are "devoid of procedure" which permits the Bar to "maintain a 'civil rights free zone' in which they could, with impunity, purge Bar membership rolls of people deemed unfit to practice." *Id.* at 5.

The complaint acknowledges that Ms. Renner has "a long-past history of mental health treatment," and asserts she "is a qualified person with a disability within the meaning of the Rehabilitation and Americans with Disabilities Acts." *Id.*  She alleges that Defendants have excluded her "from participation in, and denied her the benefits of its programs or activities, because of her status as a qualified person with a disability." *Id.*  Further, Ms. Renner asserts that the Court has intentionally been deliberately indifferent "to the rights of people who are licensed to practice law in the State of Florida but who qualify for protections under the

Rehabilitation and Americans with Disabilities Acts." *Id.* She alleges the Defendants have subjected her to discrimination, which has caused her "severe harm." *Id.*

The complaint alleges a violation of the Rehabilitation Act against the Court (count 1) and the Bar (count 2), a violation of the ADA against the Court (count 3) and the Bar (count 4), and due process violations against both the Court (count 5) and the Bar (count 6). ECF No. 1 at 6. As relief, Ms. Renner seeks one million dollars. *Id.* at 6-7.

**Motion to Dismiss**

Defendants clarify that the complaint arises from an order issued by the Supreme Court "on September 20, 2017, revoking Plaintiff's conditional admission to the Bar." ECF No. 11 at 1. Ms. Renner's "revocation was initiated by a petition for contempt filed by the Bar." *Id.* at 2. The Supreme Court issued an order to show cause, Ms. Renner filed a response, and after review, the Court entered "a unanimous decision" revoking her "conditional admission because it found her to be in contempt of its order granting her conditional admission." *Id.* The motion to dismiss argues that dismissal is appropriate because the complaint is barred by the Rooker-Feldman doctrine and sovereign immunity bars the due process claims

Case No. 4:17cv451-RH/CAS

brought under § 1983. ECF No. 11 at 2-9. Finally, it is argued that the complaint fails to state a cause of action, and no "highly personal" or "stigmatizing information" was made public. *Id.* at 9-13.

## Standard of Review

The issue on whether a complaint should be dismissed pursuant to FED. R. CIV. P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).[3] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[3] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." Twombly, 127 S.Ct. at 1965, (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

alleged." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 at 556); *see also* Speaker v. U.S. Dep't of Health, 623 F.3d 1371, 1380 (11th Cir. 2010). "The plausibility standard" is not the same as a "probability requirement," and "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 677 (quoting Twombly, 550 U.S. at 556). A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and plausibility." Iqbal, 129 556 U.S. at 677 (quoting Twombly, 550 U.S. at 557).

    The requirements of Rule 8 do "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1949. A complaint does not need detailed factual allegations to survive a motion to dismiss, but Rule 8 "demands more than an unadorned, the-defendant-unlawfully- harmed-me accusation." 556 U.S. at 678, 129 S.Ct. at 1949. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting Twombly, 550 U.S. at 555). Thus, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003).

Case No. 4:17cv451-RH/CAS

## Analysis

### A.  Rooker-Feldman

Defendants argue that this Court lacks subject matter jurisdiction under the Rooker-Feldman doctrine.  ECF No. 11 at 2.  Defendants point out that the revocation order at issue in this case advised Ms. Renner that she could file a motion for rehearing.  ECF No. 11 at 2.  Defendants further state, disingenuously, that Ms. Renner did "not claim that she filed any motion for rehearing, or for any other relief from the" Florida Supreme Court.  *Id.*  In response, Ms. Renner contends that the doctrine is not applicable in this case because she filed a motion for rehearing on the same day she initiated this action.  ECF No. 16 at 2.  Thus, she argues that the Supreme Court's "order was not final when" she initiated this case.  *Id.*

The Rooker-Feldman doctrine[4] deprives federal courts of subject matter jurisdiction to review final state court decisions.  Dale v. Moore, 121 F.3d 624, 626 (11th Cir. 1997) (cited in Doe v. Fla. Bar, 630 F.3d 1336, 1340-41 (11th Cir. 2011)).  Well established law limits such review exclusively to the Supreme Court of the United States.  Lance v. Dennis,

---

[4] The doctrine is derived from District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), and Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

546 U.S. 459, 463, 126 S.Ct. 1198, 1200, 163 L. Ed. 2d 1059 (2006) (citing 28 U.S.C. § 1257 as granting jurisdiction over appeals from final state-court judgments); Moore, 121 F.3d at 626; Doe, 630 F.3d at 1340. The Rooker-Feldman doctrine applies in the limited circumstance "where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court." Lance, 546 U.S. at 466, 126 S.Ct. at 1202. "When there is parallel state and federal litigation, Rooker-Feldman is not triggered simply by the entry of judgment in state court." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292, 125 S. Ct. 1517, 1526, 161 L. Ed. 2d 454 (2005).[5] Thus, "the scope of the doctrine is narrow and is 'confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" Exxon Mobil Corp., 544 U.S. at 284 (quoted in Lozman v. City of Riviera Beach, Fla., 713 F.3d 1066, 1072 (11th Cir. 2013)).

---

[5] "Disposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law." Exxon Mobil Corp., 544 U.S. at 293, 125 S.Ct. at 1527 (citing to the Full Faith and Credit Act, 28 U.S.C. § 1738). "Preclusion, of course, is not a jurisdictional matter." 544 U.S. at 293, 125 S.Ct. at 1527.

Moreover, the doctrine only "bars federal claims raised in the state court and claims 'inextricably intertwined' with the state court's judgment." Flournoy v. Gov't Nat'l Mortg. Ass'n, 156 F. Supp. 3d 1375, 1379 (S.D. Fla. 2016) (citing Feldman, 460 U.S. at 482 n.16, 103 S.Ct. 1303). "A claim is 'inextricably intertwined' if it would 'effectively nullify' the state court judgment or if it 'succeeds only to the extent that the state court wrongly decided the issues.'" Flournoy, 156 F. Supp. 3d at 1379.

The doctrine has been specifically applied to cases challenging Bar proceedings:

> Under the Rooker-Feldman doctrine, federal district courts lack subject matter jurisdiction over claims, "based on constitutional or other grounds, that a state court's judicial decision in a particular case has resulted in the unlawful denial of admission to a particular bar applicant." *Berman v. Fla. Bd. of Bar Exam'rs*, 794 F.2d 1529, 1530 (11th Cir. 1986) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486, 103 S.Ct. 1303, 1317, 75 L.Ed.2d 206 (1983)). "The Rooker–Feldman doctrine applies as long as the party had a reasonable opportunity to raise his federal claims in the state court proceedings." *Dale v. Moore*, 121 F.3d 624, 626 (11th Cir. 1997).

Uberoi v. Supreme Court of Fla., 819 F.3d 1311, 1313 (11th Cir. 2016); *see also* Scott v. Frankel, 562 F. App'x 950, 953 (11th Cir. 2014) (holding that plaintiff "was a 'state-court loser' based on the Florida Supreme Court's

Case No. 4:17cv451-RH/CAS

decision to suspend him from the practice of law for three years" and his "federal lawsuit was an attempt to have the federal district court review and reject the Florida Supreme Court's decision.").

Attached to the motion to dismiss is a copy of the Supreme Court's order.  That order provides: "Not final until time expires to file motion for rehearing, and if filed, determined."  ECF No. 11-1 at 1-2.  The order was dated Wednesday, September 20, 2017.  Id. at 1.  Pursuant to Rule 9.330(a) of the Florida Rules of Appellate Procedure, a "motion for rehearing, clarification, certification, or issuance of a written opinion may be filed within 15 days of an order or within such other time set by the court." Fla. R. App. P. 9.330(a).  Ms. Renner's motion was timely filed on October 5, 2017, the 15th day, and the same day this case was initiated. Ms. Renner contends that Nicholson v. Shafe, 558 F.3d 1266 (11th Cir. 2009), supports her argument that the Rooker-Feldman does not apply if the "state proceedings have not ended . . . ."  ECF No. 16 at 3.

The Eleventh Circuit held in Nicholson v. Shafe, that the Rooker-Feldman doctrine did not apply because the federal court action was commenced before the end of the state proceedings.  558 F.3d at 1274.  Noting that Exxon Mobil made it clear that the state court must have

rendered judgment before the district court proceedings commenced, the Nicholson court sought to answer "the question: when have state proceedings ended?" 558 F.3d at 1274-75.  Notably, the issue in that case was "whether the entry of judgment on a jury verdict in a state trial court pending appeal mark[ed] the end of state proceedings for purposes of the Rooker-Feldman doctrine." Id.  This case is distinguishable from Nicholson as it does not concern a pending appeal; rather, the issue is whether the filing of a motion for rehearing means that Ms. Renner had not yet received a final judgment.

In Rosenberg v. Fla., No. 15-22113-CIV, 2015 WL 13653967, at *1 (S.D. Fla. Oct. 14, 2015), the Southern District of Florida considered whether a federal complaint was barred by the Rooker-Feldman doctrine in circumstances similar to this case.  Mr. Rosenberg was suspended from the practice of law for one year by the Florida Supreme Court in a suspension order issued on May 28, 2015.  Rosenberg, 2015 WL 13653967, at *1 (citing The Florida Bar v. Rosenberg, No. SC13-2067, 2015 WL 2458013 (Fla. May 28, 2015)).  Mr. Rosenberg filed a motion for rehearing and an amended motion for rehearing, but prior to resolution of those motions, he filed a complaint in federal court on June 3, 2015,

against The Florida Bar, the Supreme Court, and the State of Florida. The Southern District held that Rosenberg's disciplinary proceedings before the Supreme Court of Florida were not finalized because his motions for rehearing were still pending at the time his federal case was filed. Rosenberg, 2015 WL 13653967, at *6. Thus, the court rejected the Rooker-Feldman doctrine and concluded it had subject-matter jurisdiction. 2015 WL 13653967, at *6.

The same result was reached by the Middle District of Florida in Henry v. The Fla. Bar, No. 615cv1009ORL41TBS, 2016 WL 9631676, at *1 (M.D. Fla. May 27, 2016), *aff'd sub nom.* Henry v. Fla. Bar, 701 F. App'x 878 (11th Cir. 2017), *cert. denied sub nom.* Henry v. The Fla. Bar, 138 S. Ct. 1600 (2018). That court specifically noted that Ms. Henry's "Order of Suspension state[d], 'Not final until time expires to file [a] motion for rehearing, and if filed, determined,' (Order Suspension at 2)." Henry, 2016 WL 9631676, at *1.

The same language was used by the Supreme Court in Ms. Renner's suspension order. Thus, the same conclusion is warranted: Ms. Renner's case in the Supreme Court had not yet ended at the time this case was filed. Thus, this Court is not divested of jurisdiction and the

Rooker-Feldman doctrine does not require dismissal of this case. The motions to dismiss should be denied as to this argument.

## B. Sovereign Immunity

Defendants seek dismissal of the § 1983 claims raised against them on the basis of Eleventh Amendment immunity. ECF No. 11 at 7-9. The complaint seeks an "award of actual monetary damages in the minimum amount of $1 million to compensate for total loss of ability to earn a living as an attorney . . . ." ECF No. 1 at 6-7.

Ms. Renner acknowledges that her claims are barred and has agreed to voluntarily dismiss count five, ECF No. 16 at 10, and count six of her complaint. ECF No. 17 at 2. Thus, Ms. Renner's due process claims which were brought under § 1983 claims (counts five and six of the complaint) should be dismissed on the basis of Eleventh Amendment immunity.[6] Kaimowitz v. Fla. Bar, 996 F.2d 1151, 1155 (11th Cir. 1993) (per curiam); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993); Henry v.

---

[6] Notwithstanding, Title II of the Americans with Disabilities Act "validly abrogates state sovereign immunity at least insofar as it creates a private cause of action for damages against States for conduct that violates the Constitution." United States v. Georgia, 546 U.S. 151, 160, 126 S. Ct. 877, 882, 163 L. Ed. 2d 650 (2006).

Fla. Bar, 701 F. App'x 878, 881 (11th Cir. 2017); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

**C.    Failure to State a Claim**

Defendants contend that the complaint "fails to provide any facts showing Plaintiff is entitled to any relief." ECF No. 11 at 10. They argue that the complaint makes only conclusory allegations regarding the underlying proceedings and does not provide substantive facts. *Id.* at 11-12. Ms. Renner contends that she has provided sufficient facts which meet the requirements of Rule 8. ECF No. 16 at 11. To the degree the Court may determine that she has not done so, she included a request for "leave to file an amended complaint" within her response to the motion to dismiss. *Id.* at 12.[7]

Counts three and four of the complaint bring claims against The Florida Bar and the Supreme Court of Florida under the Americans with

---

[7] "It is improper for a plaintiff to weave a request for leave to amend his complaint in" a document which is not limited to "solely seeking leave to file an amended complaint." Siskos v. Sec'y, Dep't of Corr., No. 4:17-CV-186-RH-GRJ, 2018 WL 2452204, at *4 (N.D. Fla. May 18, 2018), report and recommendation adopted, No. 4:17cv186-RH/GRJ, 2018 WL 2449205 (N.D. Fla. May 31, 2018) (citing Magluta v. United States, No. 10–21325–CIV, 2012 WL 488078, at *3 (S.D. Fla. Feb. 14, 2012) (denying leave to amend where plaintiff "weaved the request into his Reply memorandum, which is improper" and did not file a separate motion). To the degree Ms. Renner seeks leave to file an amended complaint, an appropriate motion should be filed in accordance with Local Rule 15.1.

Case No. 4:17cv451-RH/CAS

Disabilities Act ["ADA"], 42 U.S.C. § 12101.  *See* ECF No. 1 at 6.  Counts one and two bring claims against those Defendants under Section 504 of the Rehabilitation Act.  *Id.*

"Title II of the ADA provides that 'no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.'"  42 U.S.C. § 12132 (quoted in <u>Stoddard v. Fla. Bd. of Bar Examiners</u>, 509 F. Supp. 2d 1117, 1124 (N.D. Fla. 2006), *aff'd*, 229 F. App'x 911 (11th Cir. 2007)).  A discrimination claim under the Rehabilitation Act is "governed by the same standards, and the two claims are generally discussed together." <u>J.S., III by & through J.S. Jr. v. Houston Cty. Bd. of Educ.</u>, 877 F.3d 979, 985 (11th Cir. 2017).  "To state a claim under Title II and § 504, a plaintiff must demonstrate '(1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability.'"

Bircoll v. Miami-Dade Cty., 480 F.3d 1072, 1083 (11th Cir. 2007) (quoted in J.S., 877 F.3d at 985).

Review of Ms. Renner's complaint reveals that she alleged that both the Supreme Court and The Florida Bar receive federal financial assistance within the meaning of the Rehabilitation Act. ECF No. 1 at 3-4. She alleged that the petition for contempt and order to show cause were issued without due process or just cause, and without a good faith basis to revoke her Bar license. *Id.* at 4. She claimed the "petition was designed to invoke an unconstitutional procedure that denies due process so that it can violate Plaintiff's rights under various federal laws." *Id.* She claimed the Supreme Court "essentially 'rubber stamped' the Bar's petition . . . in furtherance of its goal of purging Bar membership rolls of people deemed unfit to practice." *Id.* The unspecified "unconstitutional procedure" allegedly permits Defendants to "maintain a 'civil rights free zone' in which they could, with impunity, purge Bar membership rolls of people deemed unfit to practice." *Id.* at 5. She admits having "a long-past history of mental health treatment," but claims that she "is a qualified person with a disability" who "has not for the last fifteen years, suffered from any mental health disorder." *Id.* She asserts that "Defendants have, jointly and severally,

excluded Plaintiff from participation in, and denied her the benefits of its programs or activities, because of her status as a qualified person with a disability." *Id.* She contends that she has been subjected to "discrimination in violation of federal law." *Id.*

These allegations are conclusory and fail to provide specific assertions of fact which show *how* or *when* Defendants discriminated against her. There are no facts presented which explain the allegedly "unconstitutional procedure," nor does Ms. Renner explain how Defendants discriminated against her because of her disability. Moreover, beyond a statement admitting a past history of mental health treatment, Ms. Renner does not clearly allege that she has a disability or that she has been perceived as having a disability. These allegations are insufficient to state a claim under either the Rehabilitation Act or the ADA. The motions to dismiss the ADA and Rehabilitation Act claims should be granted.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that the motions to dismiss, ECF Nos. 11-12, be **GRANTED** in part; counts one through four of the complaint, ECF No. 1, should be **DISMISSED** for failure to state a claim

upon which relief may be granted; counts five and six should be **DISMISSED** based on Plaintiff's voluntary dismissal.

**IN CHAMBERS** at Tallahassee, Florida, on July 6, 2018.

 S/     Charles A. Stampelos
 **CHARLES A. STAMPELOS**
 **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**