IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SHERRI L. RENNER,

    Plaintiff,

v.                                      CASE NO. 4:17cv451-RH/CAS

THE SUPREME COURT OF FLORIDA,
and THE FLORIDA BAR,

    Defendants.

_____/

## ORDER OF DISMISSAL

This case is before the court on the magistrate judge's report and recommendation, ECF No. 20, and the defendants' objections, ECF No. 21. The plaintiff has not filed objections and has not responded to the defendants' objections.

The report and recommendation correctly concludes that the complaint should be dismissed for failure to state a claim on which relief can be granted. This order accepts the report and recommendation and adopts it as the court's opinion, with this additional explanation.

Under the *Rooker-Feldman* doctrine, federal district courts cannot hear "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). *See also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

In this action the plaintiff asserts that a Florida Supreme Court ruling announced before the plaintiff filed this case violated the plaintiff's federal rights. But under Florida law, and as explicitly stated when the Florida Supreme Court issued its opinion, the ruling was not final until the time to petition for rehearing expired or any petition for rehearing was resolved. The plaintiff filed in the Florida Supreme Court, on the same day she filed this federal case, a timely petition for rehearing. The plaintiff says the state-court judgment thus was not "rendered" before she filed this action.

The plaintiff withdrew the rehearing petition 11 days after she filed it. The defendants say this rendered the petition a nullity—that the case should be treated as if the petition was never filed. In support of this assertion, the defendants cite a federal case involving a different issue, not a *Rooker-Feldman* case. *See Vanderwerf v. SmithKline Beecham Corp.*, 603 F.3d 842, 845 (10th Cir. 2010)

(holding that a withdrawn motion under Federal Rule of Civil Procedure 59(e) does not toll the time for filing a notice of appeal). Whether the Eleventh Circuit would follow *Vanderwerf* on the 59(e) issue may be unclear, but either way, *Vanderwerf* does not resolve the *Rooker-Feldman* issue in this case. This case deals with the finality of a Florida Supreme Court decision, not the finality of a federal district court decision.

If writing on a clean slate, I might well hold that *Rooker-Feldman* bars this action. At least in practical effect, this is a state-court loser's complaint of injuries caused by the state-court ruling. There is much to be said for the view that any challenge to the state-court decision should be pursued by a petition for a writ of certiorari in the United States Supreme Court—the court with authority to review Florida Supreme Court decisions in civil cases—not by an original action in a federal district court.

But alas, the slate is not clean. In *Nicholson v. Shafe*, 558 F.3d 1266, 1275 (11th Cir. 2009), the Eleventh Circuit said that for *Rooker-Felman* purposes, a state-court ruling is final when, among other things, "the state action has reached a point where neither party seeks further action." *Nicholson* held that a judgment was not final because of a pending appeal, not a pending rehearing petition. But the court's language left little room for any contention that this distinction would make a difference. And the court's language left little room for any contention that later

developments—such as the withdrawal of a petition 11 days later—would retroactively change the analysis.

In short, the *Nicholson* test is whether a state ruling "has reached a point where neither party seeks further action." That test is not met here. When the plaintiff filed this federal action, and for 11 more days, she was still seeking relief in the Florida Supreme Court. Under the *Nicholson* formulation, the Florida Supreme Court's ruling was not final. *Rooker-Feldman* did not apply.

A contrary ruling would not change the result, only the explanation. As the report and recommendation correctly concludes, the complaint fails to state a claim on which relief can be granted. This order dismisses the action on that basis.

For these reasons,

IT IS ORDERED:

The report and recommendation is accepted and adopted as the court's further opinion. The clerk must enter judgment stating, "This case is dismissed for failure to state a claim on which relief can be granted." The clerk must close the file.

SO ORDERED on July 24, 2018.

s/Robert L. Hinkle  
United States District Judge